United States District Court for the Eastern District of New York

DEMETRIUS Hill, Pro Se, Plaintiff,

"JURY TRIAL DEMANDED COMPLAINT"

vs.

Queens County, Def.,

Melinda Katz, Queens County District attorney, Jacob Saks assistant, Queens County District, Attorney, Police officers, Crociata Stefano,(971024); Michael Nicosia (968669), Nicolas Micera (968640), Richard Wittenben,(972315), Alan Acevedo (973197) Nico Delorio ( 967038), John Vampas (956313) Of the 105th & 113th precinct, and (March 28, 2023) police officer, John Doe, 1 and John Doe 2.

**24-cv-03266** Cho, MJ

Plaintiff DEMETRIUS Hill Prce being duly sworn files this lawsuit pursuant to 42 USC 1983 for violations of his United States Constitutional 4th amendment 6th amendment Rights and all applicable New York State Constitutional laws and statutory laws against unlawful and illegal detention, false arrest, malicious prosecution, selective prosecution process violations under the 14th amendment selective prosecution inter alia.

Claim 1

Defendants police officers entered plaintiff home without probable cause or reasonable suspicion that a crime had occurred was occurring or about to occur on March 13, 2023 .

Claim 2

Plaintiff was unlawfully detained inside of his room and inside of his home on March 13, 2023 specifically defendants police officers who had entered his home prevented plaintiff from leaving his home when he asked was he being detained or under arrest .

Claim 3

Defendant police officers unlawfully arrested plaintiff without probable cause or reasonable suspicion that a crime had occurred was about to occur or had occurred on March 23, 2023 .

Claim 4

Defendant police officers, knew or reasonably should have known that the complainant was in fact lying , and that no crime had occurred. more over defendant police officers questioned plaintiff in front of the complainant, allowing the complainant to alter her story and manufacture narrative to ensure plaintiff, arrest, and prosecution. that is defendant police officers broke protocol in the questioning of plaintiff in the hearing presence of the complainant.

Claim 4

Plaintiff was unlawfully arrested and incarcerated for a minimum of 10 hours and the maximum of 24 hours between the 10 fifth police precinct and the courthouse bullpens .

Claim 5

Defendant police officers had the statement of plaintiff and the statement of plaintiff fiancé at the time who clearly told them all of the police officers that plaintiff had exited his home at approximately 9 AM and had not returned home until 10 PM that night and therefore had no occasion or opportunity to assault harass, intimidate, or touch the complaining witness. despite this evidence of two separate witnesses, the police accepted and assisted in the narrative that was presented by the complaining witness predicated upon the fact that the complaining witness had told said police officers their

Claim 6

Said defendant police officers had no reasonable rationale, no reason to believe the false narrative of the complainant witness, and instead discriminated against plaintiff, predicated upon his race and prior criminal history which complain it has specifically told the police officers about. Plaintiff repeatedly asked, was he being detained and could he leave and was told that he could not exit his own home and had to remain in the kitchen, surrounded by defendant police officers, who all held a hostile manner and intimidating, threatening manner. Refusing to tell plaintiff why he was being arrested why he had to exit his own bedroom against his wheel and why he was unlawfully illegally detained in his own home. No evidence, neither medical reports, nor the narrative of the complainant provided reasonable suspicion or probable, cause that a crime had been committed that day..

Claim 7

Defendant police officers of the 10 fifth precinct along with the 10 seventh precinct have a pattern and practice and history of arresting citizens predicated upon false allegations, manufactured, criminal allegations by landlords who want to illegally evict tenants. on March 14, after plaintiff had been released on his own recognizance from the Queens county courthouse the complainant again called the police to plaintiff residence and again the police refused to arrest or investigate the theft of plaintiff and his fiancé's property from their room after the arrest the previous night. In fact, when the complainant called the police, the second time the police simply explained to the complainant as the complaint it had been told by the district attorney that plaintiff would be returning to his home, and that incident was to be within the dwelling of the home.. despite knowing this, the complainant recall the police the police arrived failed to arrest or charge the complaint but instead Simply spoke to her about calling 911 inappropriately.

Deas plaintive, providing proof that his room had been broken into vandalized and his property stolen by the same complainant and her friends the landlord, the police refused to arrest either the complaint it or the landlord.

Claim 8

Or about March 28 plaintiff returned to his home to find the doors locked and the locks changed on his home. He was unable to enter, and so he called the police himself to gain entry into his home. However, when the police arrived from the precinct police officer John Doe one and John Doe two to complain that they was law enforcement and had been in the military and Defendant police officers exercising extreme partiality refused to allow plaintiff to enter his home, refused to direct and order the landlord to provide plaintiff keys to his home, and in fact, repeatedly aggressively threatened to arrest plaintiff if he did not leave the premises. Officer, John, two with a very nasty demeaning, aggressive, threatening demeanor, placed his hand on his firearm, ordering plaintiff and his fiancé to leave or be arrested. plaintiff was forced out of his home and forced to live in a hotel at an exorbitant price he could not afford. The plaintiff had to return court to his attorney, obtain an appearance in front of a judge who specified that in fact, plaintiff could go back into his home. The fifth precinct refused to allow plaintiff back into his home again, and it was only when plaintiff called his attorney from the legal aid society Pauloma Martinez, who accompanied plaintiff to the precinct and to his home in the presence of a police officer Lieutenant, who threatened to arrest the landlord and

entrance was not permitted to the plaintiff no one was arrested and filed a complainant. The fifth precinct has a pattern in practice of discriminating against tenants in favor of landlords and failing to arrest landlords who illegally evict tenants.

B. The pattern and practice of the 10 fifth precinct can be easily discerned from the address. Plaintiff lived at 254–1 6 Craft Ave., Rosedale Queens, NY. This particular Landlord had a history over 10 years of filing false report against tenants illegal evictions illegal lockout yet this landlord Marcia Hubbard had never been arrested nor prosecuted for illegal eviction nor illegal lockout by the police department of the fifth precinct or the Queens County District, attorneys office. Marcia Hubbard, the landlord had over 10 different Housing Court cases, and had a history of manufacturing criminal charges against tenants the one oh fifth police department or should have known of this history as every single call was made to the one oh fifth precinct and they are the ones who responded in fact this Landlord was known by the one fifth precinct as a slumlord the police refused to enter this house many times because of the infestation of bugs garbage rodents.

### Claim 9

Defendant Melinda Katz, district attorney of Queens County; , and Jacob assistant district attorney of Queens County, have a pattern and practice of selective prosecution prosecuting poor tenants, and not the landlords who illegally lockout an event New York City tenants. Over and over tenants are falsely charged with crimes. They did not commit as plaintiff was, and forced to endure a year-long prosecution of a criminal charge that defendant Melinda Katz knew or should have known were false. Defendant Melinda Katz, and Jacob Sacks. Her subordinate knew that in fact, the complainant had manufactured the entire event no evidence supported the complaints allegations against the plaintiff. And Melinda and Jacob vigorously, prosecuted plaintiff, knowing that he was innocent the entire time in fact, refusing to dismiss the charges and over each and every court date plaintiff continuously demanded trial by jury.. defendants that complained had refused to come to court had refused to cooperate with the district attorneys office yet and still the district attorneys office maintain the charges against the plaintiff for an entire year.

### Relief

Plaintive demands trial by jury , compensatory, punitive, and nominal damages in the amount of $7 million declaratory judgment that plaintiff was in fact, innocent of the charges filed against him. Search other than further relief as the court deems just and proper.

*[signature]* Struggle
*[signature]* Demetrius Hill 4-18-24

I, Demetrius Hill, Declare under Penalty of Perjury that the forgoing facts are True & Correct to the Best of Plaintiff Belief.
*[signature]* Demetrius Hill
→ 28 U.S.C. 1746



# QUEENS CRIMINAL COURT

125-01 Queens Boulevard, Kew Gardens, NY 11415
Phone: (718) 298-0792  Fax: (718) 520-2451

**NO FEE**
Non-Public
Version

Court ORI: NY040033J

| The People of the State of New York | **Certificate of Disposition** | |
|---|---|---|
| vs. | Docket Number: | CR-007120-23QN |
| **Demetrius Hill** | | |
| | CJTN: | 70241305K |
| | NYSID: | 07975338Q |

Defendant DOB: **09/30/1978**     Arrest Date: **03/14/2023**     Arraignment Date: **03/14/2023**

THIS IS TO CERTIFY that the undersigned has examined the files of the **Queens Criminal Court** concerning the above entitled matter and finds the following:

| Count # | Charge | Charge Weight | Disposition | Disposition Date |
|---|---|---|---|---|
| 1 | PL 130.52 01 AM Forcible Touch- Intimate Parts **SEALED 160.50** | AM | Dismissed (Uncooperative Witness (CPL 170.30 (1)(f)), Sealed 160.50) | 03/04/2024 |
| 2 | PL 130.55 BM Sexual Abuse-3rd **SEALED 160.50** | BM | Dismissed (Uncooperative Witness (CPL 170.30 (1)(f)), Sealed 160.50) | 03/04/2024 |
| 3 | PL 240.26 01 V Harassment-2nd:Physical Cntact **SEALED 160.50** | V | Dismissed (Uncooperative Witness (CPL 170.30 (1)(f)), Sealed 160.50) | 03/04/2024 |

Charge Weight Key: I=Infraction; V=Violation; AM, BM=Class Misdemeanor; UM=Unclassified Misdemeanor; AF, BF, CF, DF, EF=Class Felony

Dated: **March 4, 2024**

Chief Clerk/Clerk of the Court

CAUTION: THIS DOCUMENT IS NOT OFFICIAL UNLESS EMBOSSED WITH THE COURT SEAL

All marijuana convictions under PL 221.05, PL 221.10, PL 221.15, PL 221.20, PL 221.35 or PL 221.40 —including any appearing on this certificate of disposition— are vacated, dismissed, sealed, and expunged. It is an unlawful discriminatory practice for any entity to make any inquiry about such an expunged conviction or to use such an expunged conviction adversely against an individual in any form of application or otherwise—unless specifically required or permitted to do so by statute.
It shall be an unlawful discriminatory practice, unless specifically required or permitted by statute, for any person, agency, bureau, corporation or association, including the state and any political subdivision thereof, to make any inquiry about, whether in any form of application or otherwise, or to act upon adversely to the individual involved, any arrest or criminal accusation of such individual not then pending against that individual which was followed by a termination of that criminal action or proceeding in favor of such individual, as defined in subdivision two of section 160.50 of the criminal procedure law, or by an order adjourning the criminal action in contemplation of dismissal, pursuant to section 170.55, 170.56, 210.46, 210.47, or 215.10 of the criminal procedure law, or by a youthful offender adjudication, as defined in subdivision one of section 720.35 of the criminal procedure law, or by a conviction for a violation sealed pursuant to section 160.55 of the criminal procedure law or by a conviction which is sealed pursuant to section 160.59 or 160.58 of the criminal procedure law, in connection with the licensing, housing, employment, including volunteer positions, or providing of credit or insurance to such individual; provided, further, that no person shall be required to divulge information pertaining to any arrest or criminal accusation of such individual not then pending against that individual which was followed by a termination of that criminal action or proceeding in favor of such individual, as defined in subdivision two of section 160.50 of the criminal procedure law, or by an order adjourning the criminal action in contemplation of dismissal, pursuant to section 170.55 or 170.56, 210.46, 210.47 or 215.10 of the criminal procedure law, or by a youthful offender adjudication, as defined in subdivision one of section 720.35 of the criminal procedure law, or by a conviction for a violation sealed pursuant to section 160.55 of the criminal procedure law, or by a conviction which is sealed pursuant to section 160.58 or 160.59 of the criminal procedure law. An individual required or requested to provide information in violation of this subdivision may respond as if the arrest, criminal accusation, or disposition of such arrest or criminal accusation did not occur. The provisions of this subdivision shall not apply to the licensing activities of governmental bodies in relation to the regulation of guns, firearms and other deadly weapons or in relation to an application for employment as a police officer or peace officer as those terms are defined in subdivisions thirty-three and thirty-four of section 1.20 of the criminal procedure law; provided further that the provisions of this subdivision shall not apply to an application for employment or membership in any law enforcement agency with respect to any arrest or criminal accusation which was followed by a youthful offender adjudication, as defined in subdivision one of section 720.35 of the criminal procedure law, or by a conviction for a violation sealed pursuant to section 160.55 of the criminal procedure law, or by a conviction which is sealed pursuant to section 160.58 or 160.59 of the criminal procedure law. For purposes of this subdivision, an action which has been adjourned in contemplation of dismissal, pursuant to section 170.55 or 170.56, 210.46, 210.47 or 215.10 of the criminal procedure law, shall not be considered a pending action, unless the order to adjourn in contemplation of dismissal is revoked and the case is restored to the calendar for further prosecution. [Executive Law 296(16)]
Charges may not be the same as the original arrest charges.
CPL 160.50:          All official records (excluding published court decisions or opinions or records and briefs on appeal) related to the arrest or prosecution on file with the Division of Criminal Justice Services, any court, police agency or prosecutor's office shall not be available to any person or public or private agency.

Dear Court Clerk,                                           4-18-24
     Re: Hill v. Katz, et al
     (Queens County);

Enclosed plz find a <u>42 USC 1983 w/ attachments</u> and Completed <u>IFP Forms</u> requesting Service of the Complaint & poor persons status.
  Finally, I ~~ask~~ this ^ Case be docketed and defendants served with the Complaint & attachments.
  I can be reached at
    Demetrius Hill
    347-720-6163
    Trzn1978@gmail.com