UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

DEMETRIUS HILL,

          Plaintiff,

-against-

MELINDA KATZ, Queens County District
Attorney; JACOB SAKS, Assistant Queens County
District Attorney; STEFANO CROCIATA, Police
Officer #971024; MICHAEL NICOSIA, Police
Officer #9686690; NICHOLAS MICERA, Police
Officer # 968640; RICHARD WITTENBEN,
Police Officer #9723150; ALAN ACEVEDO,
Police Officer #973197; NICO DELORIA, Police
Officer #967038; JOHN VAMPAS, Police Officer
#956313; Police Officer John Doe 1; and Police
Officer John Doe 2,

          Defendants.

**<u>MEMORANDUM AND ORDER</u>**
1:24-CV-3266 (LDH) (LKE)

LASHANN DEARCY HALL, United States District Judge:

Demetrius Hill ("Plaintiff"), proceeding pro se, brings the instant action against Melinda

Katz, Queens County District Attorney, Jacob Saks, Assistant Queens County District Attorney,[1]

Stefano Crociata, Michael Nicosia, Nicholas Micera, Alan Acevedo, Nico Delorio, John Vampas,

Richard Wittenben ("Individual Defendants"), and Police Officers John Does 1 and 2, pursuant

to 42 U.S.C. § 1983, alleging violations of the Fourth, Sixth, and Fourteenth Amendments.  The

---

[1] On May 16, 2024, Magistrate Judge Lois Bloom issued a sua sponte report and recommendation ("R&R"), which recommends that the Court dismiss this action against Defendants Queens County District Attorney Melinda Katz and Queens County Assistant District Attorney Jacob Saks pursuant to 28 U.S.C. § 1915(e)(2)(B).  (ECF No. 4.) Specifically, Judge Bloom recommended that Plaintiff's § 1983 claims against Defendants Katz and Saks be dismissed because prosecutors are entitled to absolute immunity for their acts that are intimately associated with the judicial phase of the criminal process and their role as advocates.  (R&R at 4 (citing, among other cases, *Van de Kamp v. Goldstein*, 555 U.S. 335, 341 (2009) ("[P]rosecutorial actions that are intimately associated with the judicial phase of the criminal process . . . are absolutely immune from liability in § 1983 lawsuits.")) On March 31, 2025, this Court adopted the R&R in its entirety, dismissing the action against Defendants Katz and Saks.

Individual Defendants move pursuant to Federal Rules of Civil Procedure 12(b)(6) and 8(a)(2) to dismiss the complaint.

## BACKGROUND[2]

At some time on or before March 13, 2023, a complainant reported to police that Plaintiff had assaulted, harassed, or touched the complainant. (*See* Compl. at 1, ECF No. 1.) On March 13, 2023, defendant police officers[3] entered Plaintiff's home and arrested him. (*Id.*) According to the Complaint, the officers should have disregarded the complainant's report because Plaintiff informed the officers that he had not been present where and when the alleged incident occurred. (*Id.* at 2.) On March 14, 2023, officers declined to investigate Plaintiff's claims of theft, which Plaintiff alleges occurred after his March 13, 2023 arrest. (*Id.*)

## STANDARD OF REVIEW

To withstand a Rule 12(b)(6) motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the alleged facts allow the court to draw a "reasonable inference" of a defendant's liability for the alleged misconduct. *Id.* While this standard requires more than a "sheer possibility" of a defendant's liability, *id.*, "[i]t is not the Court's function to weigh the evidence that might be presented at trial" on a motion to dismiss. *Morris v. Northrop Grumman Corp.*, 37 F. Supp. 2d 556, 565 (E.D.N.Y. 1999). Instead, "the Court must merely determine whether the complaint itself is legally sufficient, and, in doing so,

---

[2] The following facts are taken from the complaint and are assumed to be true for the purpose of this memorandum and order, unless otherwise indicated.

[3] The Court notes that Plaintiff does not specify which "defendant police officers" carried out the alleged conduct.

it is well settled that the Court must accept the factual allegations of the complaint as true." *Id.* (citations omitted).

Moreover, where, as here, a plaintiff is proceeding pro se, his pleadings "must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)). A pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Boykin v. KeyCorp*, 521 F.3d 202, 213–14 (2d Cir. 2008) (quoting *Erickson v. Pardus*, 55 U.S. 89, 94 (2007) (per curiam)). But the "special solicitude" given to pro se plaintiffs has its limits. *Triestman*. 470 F.3d at 475 (citation omitted). To state a claim, a pro se complaint must still comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

## DISCUSSION

### I.    Rule 8 of the Federal Rules of Civil Procedure

"The Federal Rules of Civil Procedure require that a complaint contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995) (quoting Fed. R. Civ. P. 8(a)(2)). The Supreme Court has held, specifically in relation to a complaint filed pro se, that "[s]pecific facts are not necessary" to satisfy Rule 8. *Boykin v. KeyCorp*, 521 F.3d 202, 214 (2d Cir. 2008) (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)). At a minimum, however, even a pro se complaint must "give the defendant fair notice of what the [plaintiff's] claim is . . . and the grounds upon which it rests.'" *Id.* Accordingly, courts in this circuit have consistently held that plaintiffs cannot simply

"lump defendants together for pleading purposes". *Canon U.S.A., Inc. v. F & E Trading LLC*, No. 15-CV-6015, 2017 WL 4357339, at *7 (E.D.N.Y. Sept. 29, 2017); *Ying Li v. City of N. Y.*, 246 F. Supp. 3d 578, 598 (E.D.N.Y. 2017) (collecting cases and noting that "[p]leadings that do not differentiate which defendant was involved in the unlawful conduct are insufficient to state a claim"); *see also McClean v. Cty. of Westchester*, No. 17-CV-4492, 2018 WL 6329420, at *6 (S.D.N.Y. Dec. 3, 2018) (noting that courts in this circuit dismiss claims where group pleading is insufficient to provide defendants fair notice); *Ritchie v. N. Leasing Sys., Inc.*, 14 F. Supp. 3d 229, 236 (S.D.N.Y. 2014) (same). Indeed, "Rule 8(a) is violated where a plaintiff, by engaging in 'group pleading,' fails to give each defendant fair notice of the claims against it." *Canon*, 2017 WL 4357339, at *7 (citation and internal quotation marks omitted). The Individual Defendants argue that Plaintiff's complaint should be dismissed because the allegations constitute "group pleading" that fails to provide each defendant with requisite notice of the claims against him. The Court agrees.

Even under the very liberal reading afforded to pro se pleadings, Plaintiff's complaint fails to conform to the dictates of Rule 8. Plaintiff names seven individual police officers as defendants in this case. (*See generally* Compl.) Yet, Plaintiff only sets forth allegations against "defendant police officers." (*Id.*) That is, Plaintiff does not allege a single fact tying any of the individual defendants to the conduct alleged. Such pleading utterly fails to provide the Individual Defendants fair notice of the claims asserted against them, in accordance with Rule 8. Accordingly, Plaintiff's complaint is dismissed for failure to state a claim.[4]

---

[4] The Court notes that Plaintiff's failure to allege any facts clarifying which defendants were involved in the alleged conduct is particularly fatal to his claims because they are brought pursuant to § 1983. As Defendants aptly argue, § 1983 requires plaintiffs to allege facts showing each defendant's personal involvement in the alleged constitutional deprivation. *Raspardo v. Carlone*, 770 F.3d 97, 115 (2d Cir. 2014) ("If a defendant has not personally violated a plaintiff's constitutional rights, the plaintiff cannot succeed on a § 1983 action against the defendant"); *Leneau v. Ponte*, No. 16 CV 776, 2018 WL 566456, at *15 (S.D.N.Y. Jan. 25, 2018) (in § 1983 cases, "complaints that rely on group pleading and fail to differentiate as to which defendant was involved in the alleged unlawful conduct are

**CONCLUSION**

For the foregoing reasons, the Individual Defendants' motion to dismiss Plaintiff's complaint is GRANTED. In light of plaintiff's pro se status, however, the Court grants Plaintiff thirty days to amend his complaint in order to comply with the dictates of Rule 8. *See, e.g., Davis v. Goord*, 320 F.3d 346, 352 (2d Cir. 2003) ("'Certainly the court should not dismiss without granting leave to amend at least once when a liberal reading of the [pro se] complaint gives any indication that a valid claim might be stated.'") (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). To the best of his ability, Plaintiff must describe each individual and the role she or he played in the alleged deprivation of his rights. Plaintiff is informed that the statute of limitations applicable to his § 1983 claims is three years from the date such claims accrued. All further proceedings are stayed for 30 days. If Plaintiff does not file an amended complaint within 30 days, judgment shall be entered.

---

insufficient to state a claim" (internal quotation marks and citations omitted).) Plaintiff's complaint fails to allege personal involvement on behalf of any of the individual defendant officers. Accordingly, Plaintiff's claims are also dismissed for failure to state a claim on this basis. *See Rosado v. Vill. of Goshen*, No. 7:16-CV-6916, 2019 WL 1437522, at *7 (S.D.N.Y. Mar. 31, 2019) (dismissing plaintiff's Fourth Amendment claims brought pursuant to § 1983 where, "Plaintiff pleads general statements about Defendants as a group, such as . . . Plaintiff 'was handcuffed and taken into custody,'" but "does not identify who did what"); *see also Gonzalez v. Yepes*, No. 3:19-cv-00267, 2019 WL 260533, at *8 (D. Conn., June 25, 2019) (dismissing § 1983 claims where the plaintiff alleged that "the police/affiants of the Middletown Police Department made several misstatement [sic] of facts when executing the warrant" but included no facts clarifying "who, in particular, conducted the search or who submitted affidavits containing the alleged misstatements of fact.")

The Clerk of Court is directed to mail a copy of this Memorandum and Order to Plaintiff, along with a civil rights complaint form.  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).


                                        SO ORDERED.


Dated:  Brooklyn, New York                    /s/ LDH
        March 31, 2025                        LaSHANN DeARCY HALL
                                              United States District Judge